UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
TEVES REALTY, INC.,

**MEMORANDUM AND ORDER**

Plaintiff,                                            14-CV-3227 (RRM) (VMS)

- against -

ZADIE BARTLEY; THE CITY
OF NEW YORK; NEW YORK CITY
ENVIRONMENTAL CONTROL BOARD; NEW
YORK CITY DEPARTMENT OF FINANCE; and
NEW YORK CITY PARKING VIOLATIONS
BUREAU,

Defendants.
-------------------------------------------------------------X
ROSLYNN R. MAUSKOPF, United States District Judge.

Plaintiff Teves Realty, Inc. ("Teves") brings this action seeking to foreclose on a

mortgage that encumbers two properties located in Queens owned by defendant Zadie Bartley.[1]

(*See* Compl. (Doc. No. 1) at 1–2.)[2]  Teves has moved for summary judgment, (*see* Mot. Summ.

J. (Doc. No. 47-9)), and in opposition, Bartley seeks dismissal on a variety of grounds, including

the abstention doctrine set forth in *Colorado River Water Cons. Dist. v. United States*, 424 U.S.

800, 818 (1976), based on an earlier-filed and currently pending state court foreclosure action,

filed against Bartley on the very same mortgage.  (*See* Opp'n to Mot. Summ. J. (Doc. No. 46) at

3–7.)  For the reasons set forth below, the Court finds that abstention is warranted, and Bartley's

motion to dismiss is granted.

---

[1] The complaint names the following additional defendants, alleging that they "may [] have an interest" in the
Properties: the City of New York, the New York City Environmental Control Board, and the New York City
Parking Violations Bureau (collectively, the "City Defendants").  (Compl. at 2.)  The complaint also names Zadie
Bartley's late husband, Enos Bartley.  (Compl. at 1.)  Mr. Bartley has passed away and, accordingly, was dismissed
as a defendant.  (*See* 9/17/15 Minute Entry (Doc. No. 41).)

[2] For ease of reference, citations to Court documents utilize the Electronic Case Filing System pagination.

## BACKGROUND

On December 13, 2005, Zadie and Enos Bartley (the "Bartleys") obtained a $140,000 loan from Nechadim Corp. ("Nechadim"), secured by a mortgage (the "Mortgage") encumbering the Properties. (*See* Mortgage Contract (Doc. No. 42-1) at 2–3.) Under the terms of the Mortgage, the Bartleys were to make monthly interest payments at an annual rate of sixteen percent, starting on January 13, 2006. (*Id.* at 1.) They were to return the unpaid balance, as well as any interest owed, on June 13 of the same year. (*Id.*) Alternatively, the principal would become due "on the happening of any default." (*Id.*)

On August 27, 2009, Nechadim filed a foreclosure action against the Bartleys[3] in the Supreme Court of the State of New York, County of Queens, seeking to foreclose on the Mortgage. (*See* Queens Compl. (Doc. No. 42-6) at 6.) On June 6, 2011, without opposition, the state court granted summary judgment in favor of Nechadim. (*See* Queens Summ. J. Order (Doc. No. 42-7).) According to Teves, on January 8, 2014, Nechadim assigned the Mortgage to Teves, (*see* Assignment (Doc. No. 42-8)); according to the parties, the assignment was never recorded.[4] On May 23, 2014, Teves filed the instant federal action, invoking this Court's diversity jurisdiction under 28 U.S.C. § 1332.[5]

## DISCUSSION

Bartley argues, *inter alia*, that the Court should dismiss the case pursuant the *Colorado River* doctrine, which allows federal courts to abstain from exercising jurisdiction over certain

---

[3] Also named as defendants, as is typical in foreclosure actions, are unnamed John Doe parties who are either in possession of the premises being foreclosed or have an interest in the premises.

[4] Bartley disputes the validity of the assignment. Whether the assignment is valid or not does not affect the outcome of the Court's analysis here.

[5] As alleged, plaintiff is a corporation formed pursuant to the laws of the State of New Jersey and maintains its principal place of business in Montclair New Jersey. Defendants are all citizens of New York, and amount due on the loan exceeds the $75,000 amount in controversy requirement. *See* Compl. ¶¶ 2-5, 8.)

parallel state court proceedings. (*See Colorado River*, 424 U.S. at 818; *see* Opp'n to Mot. Summ. J. (Doc. No. 46) at 3–4.)

## I. Abstention Under *Colorado River*

Abstention is an "extraordinary and narrow" exception to a federal court's duty to exercise its jurisdiction. *Colorado River*, 424 U.S. at 813. The court's task "is not to find some substantial reason for the exercise of federal jurisdiction …; rather, the task is to ascertain whether there exist exceptional circumstances … to justify the surrender of [federal court] jurisdiction." *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25-26 (1983) (internal quotation marks omitted). "[A] district court's discretion to abstain must be exercised within the narrow and specific limits prescribed by the particular abstention doctrine involved." *Village of Westfield v. Welch's*, 170 F.1d 116, 125 (2d Cir. 1999) (internal citations omitted).

The test for determining whether abstention is appropriate under *Colorado River* requires examination of six factors: "(1) assumption of jurisdiction over a *res*; (2) inconvenience of the forum; (3) avoidance of piecemeal litigation; (4) order in which the actions were filed; (5) the law that provides the rule of decision; and (6) protection of the federal plaintiff's rights." *De Cisneros v. Younger*, 871 F.2d 305, 307 (2d Cir.1989). The test "does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction." *Id.* The factors should "be applied in a pragmatic, flexible manner with a view to the realities of the case at hand." *Moses H. Cone Memorial Hosp.*, 460 U.S. at 21. "The weight to be given to any one factor may vary greatly from case to case, depending on the particular setting of the case." *Id.* at 16.

The Second Circuit has held that jurisdiction over the *res* can be dispositive when

3

assessing the *Colorado River* factors.  *See FDIC v. Four Star Holding Co.*, 178 F.3d 97, 102 (2d Cir. 1999) (citing *40235 Washington St. Corp. v. Lusardi*, 976 F.2d 587, 589 (9th Cir. 1992) (per curiam) (holding that in an action concerning the disposition of property, "the first prong of the *Colorado River* abstention test is dispositive ... [and] the forum first assuming custody of the property at issue has exclusive jurisdiction to proceed")).

The Supreme Court has recognized that "in cases where a court has custody of property, that is, proceedings *in rem* and *quasi in rem* … the state or federal court having custody of such property has *exclusive jurisdiction* to proceed."  *Donovan v. City of Dallas*, 377 U.S. 408, 412 (1964) (emphasis added); *see also Colorado River*, 424 U.S. at 818 ("It has been held . . . that the court first assuming jurisdiction over property may exercise that jurisdiction to the exclusion of other courts.")  Accordingly, the Second Circuit has held that because "[a] foreclosure action is an *in rem* proceeding," a court has "exclusive jurisdiction to proceed" where a foreclosure action was first filed in that court, and a parallel proceeding subsequently was filed in another court. *FDIC*, 178 F.3d at 102; *see also Credit-Based Asset Servicing & Securitization, LLC v. Lichtenfels*, 658 F. Supp 2d 355 at 361, 365 (D. Conn. 2009) (dismissing a federal foreclosure action on *Colorado River* grounds where a state court foreclosure action was commenced one and one-half years before the federal complaint was filed); E. Chemerinsky *Federal Jurisdiction* § 14.2 (5th ed. 2007) (noting that while the traditional rule is that "the existence of a case in one court does not defeat jurisdiction in another . . . . [t]here is one firmly entrenched exception to this rule: in actions concerning real property, whichever court has jurisdiction first is entitled to exclusive jurisdiction over the matter …."). Under New York law, a foreclosure action is an *in rem* proceeding.  *See FDIC*, 178 F.3d at 102, citing *Bowery Sav. Bank v. Meadowdale Co.,* 64 N.Y.S.2d 22, 23 (Sup.Ct.1942); *cf. Chapin v. Posner,* 299 N.Y. 31, 38, 85 N.E.2d 172 (1949)

(referring to mortgage foreclosure action as "one in rem").  *See also* N.Y.C.P.L.R. 314, comment 314:3 (McKinney 1990) ("[a]n action to define title or other interest in property is *in rem* "); 55 Am.Jur.2d Mortgages § 630 (1996) ("[a]n action to foreclose a mortgage has been characterized as an action strictly *in rem* and *quasi in rem* ") (footnotes omitted).

## II.    Analysis

In this case, the state court exercised jurisdiction over the *res* long before Teves filed the instant action on May 23, 2014.  It is undisputed that both the state court action and the instant action are garden variety foreclosure proceedings involving the very same properties, the very same mortgage, and the very same borrowers.  (*See* Opp'n to Mot. Summ. J. at 3; Reply to Mot. Summ. J. at 3–4.)  An order granting summary judgment without opposition in favor of Nechadim and against the Bartleys and appointing a referee was filed on July 16, 2015.  (*See* 7/16/15 Order (Doc. No. 43-1) at 5–8.)  Even today, the Queens court docket indicates that the "Case Status" is "Active," and it appears that in a recent filing,, the borrowers seek to have the summary judgment order foreclosing on the property set aside.  *See Nechadim Corp. v. Bartley*, No. 23283/2009 (N.Y. Sup. Ct.).[6]  Thus, the state court has been actively adjudicating all rights and interests in the *res* for a lengthy period of time.  "[O]nce a state court has taken jurisdiction of the *res* that is the subject of a state court *in rem* proceeding, a federal court cannot also exercise jurisdiction of the *res*."  *Oneida Indian Nation of New York v. Madison County*, 401 F.Supp.2d 219, 226 (N.D.N.Y. 2005) citing *Donovan*, 377 U.S. at 412.

These principles are particularly compelling in this case as Teves, the plaintiff in this

---

[6] New York state court dockets are available through the New York State Unified Court System's eTrack service at: https://iapps.courts.state.ny.us/webcivil/FCASSearch (last viewed Mar. 20, 2017).  Although the parties have not furnished a current copy of the Queens court docket, when considering whether to dismiss a case, the Court may consult documents filed in other courts, as well as other public records.  *See Glob. Network Commc'ns, Inc. v. City of N.Y.*, 458 F.3d 150, 157 (2d Cir. 2006).

action, claims to be the successor in interest to Nechadim, the plaintiff in the state court action.[7]

"[A]n assignee of a mortgage can continue an action in the name of the original mortgagee, even in the absence of a formal substitution." *Central Fed. Sav., F.S.B v. 405 West 45th St., Inc.*, 662 N.Y.S.2d 489 (N.Y. App. Div. 1st Dep't 1997) (citing N.Y.C.P.L.R. 1018). Thus, if Teves truly holds an assignment of Nechadim's mortgage, it can continue to press its predecessor's claims in the state action. There is complete identity of parties, and the issues and relief are the same in both the state and federal actions. *See Nat'l Union Fire Ins. Co. of Pittsburg, Pa. v. Karp*, 108 F.3d 17, 22 (2d Cir. 1977). If Teves's rights regarding the property are in issue, those rights are properly adjudicated in the ongoing state court action as is the case with any party with an interest in the *res*.

Moreover, further analysis of the *Colorado River* factors strongly favor abstention.[8] Perhaps most important among them in this case, for the reasons just articulated, is that abstention will avoid piecemeal litigation of claims involving the same mortgage, borrowers and properties, particularly where the state action was first-filed and has been active and ongoing for so many years. Moreover, if Teves is, indeed, the successor in interest to Nechadim, Teves, by filing this action, seeks to litigate in this court the very issue already decided in its favor by the state court. *See De Cisneros*, 871 F.2d at 307. Thus, allowing both cases to proceed may very well result, at best, in duplicative and wasted effort. At worst, doing so could easily lead to

---

[7] Indeed, both Teves and Nechadim are represented by Solomon Rosengarten, Esq.

[8] The inconvenience of the federal forum refers to the geographical relation of the respective courthouses. *See Arkwright-Boston Mfrs. Mut. Ins. Co. v. City of New York*, 762 F.2d 205, 210-211 (2d Cir. 1985) (finding no inconvenience when the state and federal courthouses were next door to each other). In the *ordinary case*, this factor would favor slightly Teves's choice of the federal forum, as the Eastern District of New York is slightly closer to Montclair, New Jersey than the Queens Supreme Court; nonetheless, it is clearly outweighed by the other factors. However, given the circumstances of *this case*, it is hard to see how slightly more favorable geography benefits Teves, particularly where Teves, who claims to be an assignee of Nechadim, has decided to file this lawsuit rather than assert its right to benefit from Nechadim's award of summary judgment in the state court action.

inconsistent decisions.   In addition, foreclosure determinations are governed by state law, and no federal interest is implicated.   "Although absence of federal issues does not require the surrender of jurisdiction, it does favor abstention where 'the bulk of the litigation would necessarily revolve around the state-law … rights of … parties.'"   *General Reins. Corp. v. Ciba-Geigy Corp.*, 853 F.2d 78, 82 (2d Cir. 1988).   Moreover, no concerns have been raised that the state court cannot adequately protect Teves's rights.

Thus, considering all of these factors together, and notwithstanding the heavy presumption in favor of retaining jurisdiction, the Court finds that abstention under the *Colorado River* doctrine is warranted.

## CONCLUSION

For the reasons stated in this Memorandum and Order, the Court dismisses this action under the *Colorado River* doctrine, and as such, denies Teves's motion for summary judgment (Doc. No. 47).   The Clerk of Court is respectfully directed to enter judgment accordingly and close this case.

SO ORDERED.

Dated: Brooklyn, New York
   March 30, 2017

*Roslynn R. Mauskopf*

_____
ROSLYNN R. MAUSKOPF
United States District Judge